Lina Stillman, Esq.
Stillman Legal, P.C.
42 Broadway, 12t Floor
New York, New York 10004
Tel (212) 203-2417

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-----------------------------------------------------------------X
ARLYN ROMEO OSORIO, *individually and on behalf of others similarly situated,*

                        Plaintiffs,

   v.

SCHWARTZ ENTERPRISES INC.,TRINIDAD HOME IMPROVEMENT LLC, SCHWARTZ & OKNIN LLC, all DBA 911 RESTORATION OF NORTH NEW JERSEY, LUIS HINOJOSA, VIVIANA HUFFMAN, and ADI SCHWARTZ,

                        Defendants.
-----------------------------------------------------------------X

Case No:

**29 USC § 216(b) COLLECTIVE ACTION & F.R.C.P. 23 CLASS ACTION**

**COMPLAINT**

Plaintiff ARLYN ROMEO OSORIO (hereafter referred to as "Plaintiff"), brings this Action on behalf of himself and other similarly situated employees of Defendants SCHWARTZ ENTERPRISES INC., TRINIDAD HOME IMPROVEMENT LLC, SCHWARTZ & OKNIN LLC, all DBA 911 RESTORATION OF NORTH NEW JERSEY, LUIS HINOJOSA, VIVIANA HUFFMAN, and ADI SCHWARTZ (collectively, the "Defendants") pursuant to the Fair Labor Standards Act ("FLSA"), 29 USC §§ 201 *et seq.* and the New Jersey State Wage and Hour Law, NJSA §34:11-56 *et seq* ("NJWHL"), and alleges as follows:

1

## INTRODUCTION

1. This action is brought by Plaintiff, on behalf of himself as well as other employees similarly situated, against Defendants for alleged violations of the Federal Labor Standards Act, ("FLSA") 29 USC § 201 *et seq.* and of the New Jersey State Wage and Hour Law, NJSA §34:11-56 *et seq* ("NJWHL"), arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2. This Complaint seeks to recover unpaid overtime compensation for Plaintiff.

3. Plaintiff is an employee of the business entity-Defendants, each respectively, a New Jersey corporation or a limited liability company, all doing business as "911 RESTORATION OF NORTH NEW JERSEY, with a principal place of business located at 500 South 31st Street, Kenilworth, New Jersey, and their principals, members, officers and/or agents, LUIS HINOJOSA, VIVIANA HUFFMAN, and ADI SCHWARTZ. Plaintiff is employed as a driver by Defendants at their warehouse/officer in Kenilworth, New Jersey.

4. Plaintiff was initially paid $17.00 per hour at the beginning of his employment, later raised to $18 per hour, but was never paid any overtime compensation despite working approximately seventy (70) hours per week.

5. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff and the FLSA collective employees to work more than 40 hours per week without providing them with any additional compensation.

6. Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NJWHL by engaging in a pattern and

practice of failing to pay its employees, including Plaintiff, overtime compensation for all hours worked over forty (40) each workweek.

7. Defendants refused to record all of the time that Plaintiff and similarly situated individuals employed by the Defendants worked, including the work performed in excess of forty hours each week.

8. Accordingly, Plaintiff now brings this Action on behalf of himself and those other similarly situated individuals, for federal and state claims relating to unpaid overtime wages, failure to maintain records pursuant to the FLSA, 29 USC §§ 201 et seq., and the NJWHL, NJSA §34:11-56 et seq.

9. Plaintiff alleges pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid overtime wages, (2) liquidated damages, (3) prejudgment and post-judgment interest; and/or (4) attorneys' fees and costs.

10. By reason of such willful violations Plaintiff asserts he is entitled to recover from the Defendants (1) unpaid overtime wages, (2) liquidated damages, (3) pre-judgment and post-judgment interest; and/or (4) attorneys' fees and costs, pursuant to the FLSA and NJWHL.

## JURISDICTION AND VENUE

11. This Court has original federal question jurisdiction over this controversy under 29 USC§216(b) and 28 USC § 1331, and has supplemental jurisdiction over the New Jersey State Law claims pursuant to 28 USC § 1367(a).

12. Venue is proper in the District of New Jersey pursuant to 28 USC §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and

omissions giving rise to the claims herein alleged took place in this District.

## PARTIES

**Plaintiff**

13. Plaintiff ARLYN ROMEO OSORIO is and was at all times relevant hereto an individual residing In Livingston, New Jersey.

14. Plaintiff is employed by Defendants SCHWARTZ ENTERPRISES INC.,TRINIDAD HOME IMPROVEMENT LLC, SCHWARTZ & OKNIN LLC, through their DBA, 911 RESTORATION OF NORTH NEW JERSEY, at their facility located at 500 South 31st Street, Kenilworth, New Jersey. Plaintiff began working for Defendants on or about December 19, 2022, and continues to date to work for them as a driver.

15. At all times relevant hereto, Plaintiff was a covered employee within the meaning of the FLSA and the NJWHL.

**Defendants**

16. Defendant SCHWARTZ ENTERPRISES INC. is, upon information and belief, a duly organized New Jersey business corporation with a principal place of business located at 500 South 31st Street, Kenilworth, New Jersey.

17. Defendant TRINIDAD HOME IMPROVEMENT LLC is, upon information and belief, a duly organized New Jersey limited liability company with a principal place of business located at 500 South 31st Street, Kenilworth, New Jersey.

18. Defendant SCHWARTZ & OKNIN LLC is, upon information and belief, a duly organized New Jersey limited liability company with a principal place of business located at 500 South 31st Street, Kenilworth, New Jersey.

19. Defendants SCHWARTZ ENTERPRISES INC.,TRINIDAD HOME

IMPROVEMENT LLC and SCHWARTZ & OKNIN LLC, collectively operate and conduct business through their DBA, 911 RESTORATION OF NORTH NEW JERSEY, which has offices and conducts business at 500 South 31st Street, Kenilworth, New Jersey.

20. Upon information and belief, Defendants SCHWARTZ ENTERPRISES INC.,TRINIDAD HOME IMPROVEMENT LLC and SCHWARTZ & OKNIN LLC are each engaged in interstate commerce, in that they each rely heavily on products that have been transported across state lines, and generate annual gross revenues in excess of $500,000 per year, independent of excise taxes, for each year relevant to Plaintiff's claims.

21. Upon information and belief, Defendant LUIS HINOJOSA is an individual residing in New Jersey.

22. Upon information and belief, Defendant VIVIANA HUFFMAN is an individual residing in New Jersey.

23. Upon information and belief, Defendant ADI SCHWARTZ is an individual residing in New Jersey.

24. Upon information and belief, Defendants LUIS HINOJOSA, VIVIANA HUFFMAN, and ADI SCHWARTZ are the principals/managing members and/or Officers in SCHWARTZ ENTERPRISES INC.,TRINIDAD HOME IMPROVEMENT LLC, SCHWARTZ & OKNIN LLC, all DBA 911 RESTORATION OF NORTH NEW JERSEY,

25. Upon information and belief, and at all times relevant to the claims herein, Defendants LUIS HINOJOSA, VIVIANA HUFFMAN, and ADI SCHWARTZ: (i) were known as and referred to as "Boss" by Plaintiff and the other similarly situated employees

of the Defendants; (ii) determined the wages and compensation of the employees of Defendants, including Plaintiff; and (iii) established work schedules and workload of the employees, maintained employee records, and had the authority to hire and fire employees.

26. Defendants LUIS HINOJOSA, VIVIANA HUFFMAN, and ADI SCHWARTZ in fact did hire Plaintiff, determined his work assignments, workload, and schedule, and determined/calculated his pay, rate of pay and hours worked.

27. Defendants LUIS HINOJOSA, VIVIANA HUFFMAN, and ADI SCHWARTZ acted intentionally and maliciously and is an employer pursuant to FLSA, 29 USC §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NJWHL §34:11-4.1 and the regulations thereunder.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

28. Plaintiff brings this action individually and on behalf of all other and former non-exempt workers who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom were not compensated at least the overtime compensation for all hours worked in excess of forty (40) hours per week (the "Collective Action Members").

29. With respect to his NJWHL claims, Plaintiff asserts same pursuant to Federal Rules of Civil Procedure ("F. R. C. P.") Rule 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is two (2) years before the filing of the Complaint in this case as defined herein (the "Class Period").

30. All said persons, including Plaintiff, are referred to herein as the "Class."

31. The Class members, number and identities, are readily ascertainable and may be determined from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under the F.R.C.P

*Numerosity*

32. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the class.

*Commonality*

33. There are questions of law and fact common to the Class which dominate over any questions affecting only individual class members, including:

   a. Whether Defendant employed the Plaintiff and the Class within the meaning of the NJWHL;

   b. Whether the Plaintiff and Class members are entitled to and paid minimum wage, overtime under the NJWHL;

   c. Whether Defendants provided a Time of Hire Notice detailing rates of pay and payday at the start of Plaintiff and the Rule 23 Class's start of employment and/or timely thereafter;

   d. At what common rate, or rates subject to common method of calculation was and is Defendants required to pay the Class

members for their work;

***Typicality***

34. Plaintiff's claims are typical of those which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay overtime compensation. Defendants' corporate wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/ or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

***Adequacy***

35. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in successfully prosecuting both class action and wage and hour employment litigation cases.

***Superiority***

36. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts

and expenses that numerous individual actions engender. Because the losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

37. Upon information and belief, Defendants and other employers throughout the state violate the NJWHL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

38. Plaintiff consents to being named a party herein, pursuant to 29 USC § 216(b), and brings these claims based upon the allegations herein as representative parties of a prospective class of similarly situated individuals under 29 USC § 216(b).

## **COMMON FACTUAL ALLEGATIONS**
Defendants Constitute Joint Employers

39. Defendants own and operate SCHWARTZ ENTERPRISES INC, TRINIDAD HOME IMPROVEMENT LLC, SCHWARTZ & OKNIN LLC, collectively doing business as DBA 911 RESTORATION OF NORTH NEW JERSEY, respectively principally engaged in the construction/restoration services industry. At all relevant times, Defendants possessed operational control over the respective Defendant business entities; possessed ownership interests in the respective Defendant business entities; and/or controlled significant functions of thereof.

40. As part of its regular business practice, Defendants intentionally, willfully and repeatedly harmed Plaintiff and the other class member employees by engaging in a pattern and/or policy of violating the FLSA. This pattern and/or policy includes, inter alia, the following:

   a. failing to pay employees the applicable overtime rate for all time worked in excess of forty (40) hours per week;

   b. failing to keep accurate records of hours worked by employees as required by the FLSA and NJWHL.

41. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation. Defendants' unlawful conduct has been intentional, willful and in bad faith, and has caused significant damage to Plaintiff and the other class members.

42. Defendants SCHWARTZ ENTERPRISES INC, TRINIDAD HOME IMPROVEMENT LLC and SCHWARTZ & OKNIN LLC under the direct supervision and authority of Defendants LUIS HINOJOSA, VIVIANA HUFFMAN, and ADI SCHWARTZ, acted in the interest of the Defendants with respect to its employees, the rate of and method employee compensation was paid, and shared joint control over their employees.

43. At relevant times, Defendants possessed substantial control over Plaintiff and other similarly situated employees' working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

44. Defendants SCHWARTZ ENTERPRISES INC, TRINIDAD HOME IMPROVEMENT LLC, SCHWARTZ & OKNIN LLC, LUIS HINOJOSA, VIVIANA HUFFMAN, and ADI SCHWARTZ jointly employed Plaintiff, and all similarly situated individuals, and are Plaintiffs' and all similarly situated individuals' employers within the meaning of 29 USC 201 et seq. and the NJWHL.

45. Defendants SCHWARTZ ENTERPRISES INC, TRINIDAD HOME IMPROVEMENT LLC, SCHWARTZ & OKNIN LLC (DBA 911 RESTORATION OF NORTH NEW JERSEY) LUIS HINOJOSA, VIVIANA HUFFMAN, and ADI SCHWARTZ constitute a single employer of Plaintiff and/or similarly situated individuals, as any business divisions between them are fictional.

46. At all times relevant hereto, Defendants were Plaintiff's employers within the meaning of the FLSA, NJWHL, and other applicable laws. Such Defendants had the authority and power to hire and fire Plaintiff, and other similarly situated employees,

control the terms and conditions of their employment, including work assignments and hours, and determine the rate and method of any compensation in exchange for Plaintiffs' services. Indeed, Defendants supervised Plaintiff's work schedule and conditions of his employment.

47. Defendants are aware of and by law are charged with the knowledge that under the FLSA, Defendants are required to pay employees performing non-exempt duties, including Plaintiff and the other class members, overtime pay at a one-and-one-half the regular rate for work in excess of forty (40) hours per work week.

48. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff his lawfully owed wage, at least the lawfully overtime compensation of one and one-half times (1.5x) his regular rate of pay for all hours worked over forty (40) in a given workweek.

49. While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime wages.

### Plaintiff ARLYN ROMEO OSORIO

50. From on or about December 19, 2022, Plaintiff was employed by Defendants to work as a driver for Defendants SCHWARTZ ENTERPRISES INC, TRINIDAD HOME IMPROVEMENT LLC, and SCHWARTZ & OKNIN LLC, collectively doing business as 911 RESTORATION OF NORTH NEW JERSEY, at their facility located at 500 S 31st St Kenilworth, NJ 07033.

51. At all relevant times, Plaintiff worked from 5:30 A.M. or 7:00 A.M. to 4:00 P.M. or 9:00 P.M. from Monday to Saturday and sometimes had to work on Sunday. Plaintiff worked approximately seventy (70) hours each week.

52. At all relevant times, Defendants did possess a time clock in order to record, document, and memorialize Plaintiff's work hours.

53. At all relevant times, Plaintiff was initially paid $17.00 per hour, which was later increased to $18.00 per hour, and was paid by check. Defendants have started paying Plaintiff with direct deposit three weeks ago.

54. Defendants never paid Plaintiff overtime for the significant number of hours he work beyond forty (40) hours per week.

55. Defendants did not provide Plaintiff with each payment of wages an accurate statement of wages and never provided Plaintiff with written notice of his rate of pay, employer's regular payday, and such other information as required.

### Defendants' General Employment Practices

56. As part of their regular business practices, Defendants required Plaintiff to work without paying Plaintiff the overtime wages required by law.

57. By employing this practice, Defendants avoided paying Plaintiff at the overtime rate of time and a half for all of his hours worked in excess of forty (40) hours per week.

58. Defendants failed to post the statutorily required wage and hour posters and did not provide Plaintiff with statutorily required wage and hour records or statements of pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff's relative lack of sophistication in wage and hour laws.

59. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff worked, and to avoid paying Plaintiff properly for (1) his full hours worked and (2) for overtime due.

60. Defendants failed to provide Plaintiff and other employees, at the time of hiring and on or before January of each subsequent year, a statement in English and the employee's primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage; the regular payday designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office, a mailing address if different; and the telephone number of the employer, as required by law.

## STATEMENT OF CLAIMS

### COUNT I.
### [Violations of the Fair Labor Standards Act—Overtime Wage Brought on behalf of the Plaintiff and the FLSA Collective]

61. Plaintiff on behalf of himself and the other similarly situated class members, re-alleges and incorporates by reference all allegations in all preceding paragraphs as though fully set forth herein.

62. At all times relevant to this action, Defendants were Plaintiff's' employers within the meaning of the Fair Labor Standards Act, 29 USC § 203(d). Defendants had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for his employment.

63. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce, and as such constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 USC § 203 (r-s).

64. The FLSA provides that no employer engaged in commerce shall employ a

covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

65. The FLSA provides that any employer who violates the provisions of 29 USC §207 shall be liable to the employees affected in the amount of his unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

66. Defendants' failure to pay the Plaintiff and the FLSA Collective their overtime pay violated the FLSA.

67. At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to the Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 USC §§201, *et seq.*, including 29 USC §§207(a)(1) and 215(a).

68. The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

69. Defendants willfully failed to notify the Plaintiff and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff's and FLSA Collectives' labor.

70. Throughout the relevant time period, Plaintiff and the FLSA collective worked

in excess of forty (40) hours per workweek.

71. At all relevant times throughout his employment, Defendants operated under a policy of willfully failing and refusing to pay Plaintiff and the FLSA collective one and one-half times the regular hourly rate of pay for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA, even though Plaintiff and the similarly situated class members were entitled to receive overtime payments, all in violation of 29 USC § 207 (a)(1).

72. At all relevant times throughout Plaintiff and the class members' employment, Defendants willfully, regularly and repeatedly failed to pay the required overtime rate of one and one-half times his regular hourly rate for hours worked in excess of forty (40) hours per workweek.

73. Defendant's failure to pay Plaintiff overtime compensation was willful within the meaning of 29 USC § 255(a).

74. Defendants, in violated of the FLSA, failed to pay Plaintiff OSORIO agreed-upon wages by virtue of their withholding policies, time-clock policies and chargeback policies as described herein.

75. Defendants acted willfully in their violations of the FLSA's requirements.

76. Plaintiff and the class members seek damages in the amount of their unpaid overtime compensation, liquidated damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.damaged in an amount to be determined at trial.

**COUNT II.**
**[Violation of New Jersey Labor Law—Overtime Pay Brought on behalf of Plaintiff and Rule 23 Class]**

77. Plaintiff on behalf of himself and the other similarly situated class members, re-alleges and incorporates by reference all allegations in all preceding paragraphs as though fully set forth herein.

78. At all relevant times, Defendants had a policy and practice of refusing to pay the overtime compensation to Plaintiff at one and one half times the hourly rate the Plaintiff and the class are entitled to.

79. Defendants' failure to pay Plaintiff was not in good faith.

80. By reason of Defendants failure to pay Plaintiff and the class, Plaintiff and Class Members are entitled to recover from Defendants their full unpaid minimum wage and overtime pay, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and costs and disbursement of the action pursuant to NJWHL §§34:11-56a *et seq*

## COUNT III.
### [Civil damages for fraudulent filing of IRS returns, Violations of 26 USC §7434 Brought on behalf of the Plaintiff]

81. Plaintiff on behalf of himself and the other similarly situated class members, re-alleges and incorporates by reference all allegations in all preceding paragraphs as though fully set forth herein.

82. 26 USC §7434 provides that if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such a return.

83. Due to Defendants' violations of 26 USC §7434, the Plaintiff is entitled to

recover from Defendants, jointly and severally: (1) any actual damages sustained by the plaintiff as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such a filing), (2) the cost of the action, and (3) in the court's discretion, reasonable attorneys' fees.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff, on behalf of himself and the FLSA Collective Plaintiff and Rule 23 Class, respectfully requests that this Court enter a judgment providing the following relief: Authorizing the Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied premium overtime wages and minimum wages;

a) Certification of this case as a collective action pursuant to FLSA;

b) Issuance of notice pursuant to 29 USC § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 USC § 216(b), and appointing the Plaintiff and their counsel to represent the Collective Action Members;

c) A declaratory judgment that the practices complained of herein are

unlawful under FLSA and NJWHL;

d)  An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

e)  An award of unpaid overtime wages due under FLSA NJWHL plus compensatory and liquidated damages;

f)  An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages at least the minimum wage and overtime compensation pursuant to 29 USC §216;

g)  An award of liquidated and/ or punitive damages as a result of Defendants' willful failure to pay overtime compensation, pursuant to the NJWHL;

h)  An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 USC §216(b) and NJWHL;

i)  The cost and disbursements of this action;

j)  An award of prejudgment and post-judgment fees; and

k)  Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: March 22, 2023

By: *(signature)*

Lina Stillman
**STILLMAN LEGAL P.C**

42 Broadway, 12th Floor<br>
New York, New York 10004<br>
Telephone: (212) 203-2417<br>
*Attorneys for Plaintiff*